## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GLORIA MONTOYA SANTIAGO RAMIREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-00836 (UNA) |
| ) | |
| ) | |
| UNITED AIRLINES, *et al*., ) | |
| ) | |
| Defendants. ) | |

### **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss the complaint.

Complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine whether the doctrine of *res judicata* applies. *See Brown v. Califano*, 75 F.R.D. 497, 498

(D.D.C. 1977). The standard also assists the court in determining whether it has jurisdiction over the subject matter.

Plaintiff brings this action against United Airlines Holdings, LLC, American Airlines Holdings, LLC, Air Canada Holdings, LLC, and Hilton Worldwide Holdings, LLC, alleging that she is owed millions of dollars for reasons not articulated clearly in the complaint. Plaintiff neither states the basis for federal court jurisdiction, alleges discernible facts to "give the defendants fair notice of what the claim is and the grounds upon which it rests," *Jones v. Kirchner*, 835 F.3d 74, 79 (D.C. Cir. 2016) (citation omitted), nor demands appropriate relief. Consequently, this complaint and this civil action will be dismissed without prejudice by separate Order.

DATE: May 8, 2024                                         AMIT P. MEHTA
                                                          United States District Judge